#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | **8:17CR216** |
| vs. | |
| **BILLY PIKE,** | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the Court on the Defendant's Renewed Motion for Compassionate Release, ECF No. 41. The Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) as amended by Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), affording him immediate release from custody.  The Government has submitted a brief, ECF No. 45, opposing the Defendant's Motion.

Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for modification of sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."

Section 3582(c)(1)(A) also provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The Defendant's initial motion, ECF No. 39, was denied without prejudice, due to his failure to demonstrate exhaustion of administrative remedies. See Memorandum and Order, ECF No. 40. In his pending Motion, he included evidence of his submission of his request to the Warden of his facility on May 10, 2020, and the Warden's denial of the request on the same date. Accordingly, the Court obtained and reviewed the Defendant's prison medical records, ECF No. 44.

The Defendant asserts that he suffers from high blood pressure, high cholesterol, and has been a chronic smoker, making him more susceptible to adverse health effects if he is exposed to coronavirus during his incarceration. Accepting his allegations as true, the Court cannot conclude that the Defendant has shown extraordinary or compelling reasons for a reduction in his sentence. The Court also notes that 18 U.S.C. § 3553(a) factors weigh against compassionate release.

The Defendant was sentenced on November 26, 2018, to a term of 48 months incarceration and two years of supervised release after he pled guilty to Conspiracy to Distribute or Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 846, and Possession with Intent to Distribute Actual Methamphetamine in violation of 21 U.S.C. §841(a)(1) and 841(b)(1).[1] The Court varied substantially below the lowest end

---

[1] The term of incarceration and supervised release was imposed on each charge, to run concurrently.

of the guideline range of 70 to 87 months, due to the Defendant's demonstration of good conduct when on pretrial supervision. A reduction in sentence would be inconsistent with the factors set out in § 3553(a)(1),[2] (2)(A) and (B),[3] and (6).[4] Accordingly,

IT IS ORDERED:

The Defendant's Renewed Motion for Compassionate Release, ECF No. 41, is denied.

Dated this 23rd day of July 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge

---

[2] "[T]he nature and circumstances of the offense and the history and characteristics of the defendant . . . ."

[3] "[T]he need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct . . . ."

[4] "[T]he need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . ."